THE STATE OF TEXAS v. MANUEL BUSTAMENTE ET AL.

1. GRANT VOID FOR WANT OF JURISDICTION OVER THE TERRITORY. —The Governor of Tamaulipas had no authority to extend final title to land east of the Rio Grande, January 2, 1848, under the treaty of Guadalupe Hidalgo.

2. SAME.—The grant of such title by the Governor had no effect upon the rights of the grantee.
3. WANT OF EVIDENCE OF DATE OF TITLE, &C.—Evidence of a survey and such void grant, affords no evidence of title. There being no evidence showing that the title had its origin anterior to December 19, 1836, nor showing the right of claimant to the land, the evidence is insufficient under the act.
4. SECONDARY EVIDENCE.—Verbal evidence of the contents of the archives of the proper alcalde, to the existence and contents of which the alcalde having custody of the original archives should certify, is incompetent evidence of title founded on such record.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

*George Clark, Attorney General,* and *Peeler & Fisher,* for the State.

*James H. Bell,* and *Chandler, Carleton & Robertson,* for appellees.

ROBERTS, CHIEF JUSTICE.—The title filed with the petition in this case is a concession by the Governor of Tamaulipas, executed on the second day of January, 1848, accompanied with a plat and field-notes of a survey made in 1835.

The concession recites that the fifty dollars, at which the pasture land called "Los Comitas" was valued, was paid into the treasury; that the land had been denounced by Pedro Bustamente, as appeared from the expediente made to that effect. It does not recite when the proceedings commenced, which would properly have been part of the expediente, so as to show that they originated before the 19th day of December, 1836, as required by the act under which this suit was brought. The survey shows the locality and boundaries of the land, but not the right of the party to the grant. That might be shown by a copy of the proceedings of the ayuntamiento of the jurisdiction of Guerrero, which, it may reasonably be presumed, are still extant in the office of the alcalde of that jurisdiction, and might be produced, if this is a valid claim, originating under the decree No. 24 of 1833,

21

of the State of Tamaulipas. The proof was therefore not sufficient, unless the Governor of Tamaulipas had, on the 2d day of January, 1848, the right to grant this land east of the Rio Grande, under the treaty of Guadalupe Hidalgo, concluded one month thereafter, to wit, on the 2d day of February, 1848.

We are of opinion that he had not such right. Texas claimed the territory, in defining its boundaries, on the 19th of December, 1836. In 1846, the claim was perfected by possession and the actual exercise of exclusive jurisdiction, and from that time it was lost by the State of Tamaulipas, in Mexico, for all purposes whatever, whether of judicial action or the exercise of powers relating to eminent domain. And it never afterwards recovered such lost powers. The action of the Governor, in making concession, was without authority, and neither advanced nor prejudiced the imperfect title to the land, which may have been acquired previous to the 19th day of December, 1836. (Halleck's Int. Law, page 798, section 22; Trevino v. Fernandez, 13 Tex., 664; Davis v. Police Jury of Concordia, 9 How.)

If such proceedings exist as evidence such imperfect title, they should be found in the office of the alcalde of Guerrero, and it was not, from anything appearing in the record, competent to prove their existence by the verbal testimony of witnesses. The proof in this case was therefore insufficient, in accordance with the terms of the statute, under which the suit was brought.

REVERSED AND REMANDED.

This opinion applies also to the following cases, without being repeated, to wit: The State of Texas v. Eulalio Gonzales et al., No. 2185; The State of Texas v. Manuel Ramerez, No. 2183; The State of Texas v. Pedro Gutierrez et al., No. 2182; The State of Texas v. Juan Vela, (Gutierrez,) No. 2187; The State of Texas v. Sabas Fuentes et al., No. 2194; The State of Texas v. Julian Zapata et al., No. 2180.